FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BILLY EDWARD TOYCEN,<br><br>        Plaintiff,<br><br>  v.<br><br>YAKIMA COUNTY JAIL, CITY OF YAKIMA MUNICIPAL COURT, YAKIMA COUNTY DISTRICT COURT, YAKIMA COUNTY SUPERIOR COURT, and U.S. DISTRICT COURT,<br><br>        Defendants. | No. 1:22-cv-03193-MKD<br><br>ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) |

On December 2, 2022, the Court received Plaintiff Billy Edward Toycen's *pro se* civil rights complaint mailed from the Yakima County Jail. ECF No. 1. This is the eighteenth civil rights complaint Mr. Toycen filed in 2022. Plaintiff provided the documentation necessary to proceed *in forma pauperis* as a prisoner. ECF Nos. 2, 3.

The Court notes that on November 23, 2022, Plaintiff appeared at the U.S.

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) - 1

1 | District Court for the Eastern District of Washington, Yakima Division, and
2 | provided a notice of change of address to a residential address in the twelve civil
3 | rights cases he had filed since October 31, 2022.  *See, e.g., Toycen v. U.S. Dist. Ct.*
4 | *for E. Dist. Of Wash.*, No. 1:22-cv-3157-MKD (filed October 31, 2022) (Notice of
5 | change of address, ECF No. 5).  On December 2, 2022, the Clerk of Court mailed
6 | Plaintiff a case opening letter in this action to the residential address he had
7 | provided.  ECF No. 4.  This letter was returned as undeliverable on December 13,
8 | 2022.  ECF No. 5.
9 |       Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and
10 | opposing parties advised as to his current mailing address.  If mail directed to a *pro*
11 | *se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify the
12 | Court and opposing parties of his current address or the Court may dismiss the
13 | action.  LCivR 41(b)(2).
14 |       The Court has an interest in managing its docket and in the prompt
15 | resolution of civil matters.  *See Destfino v. Reiswig,* 630 F.3d 952, 959 (9th Cir.
16 | 2011) (affirming district court's inherent power to control its docket); *see also*
17 | *Pagtalunan v. Galaza,* 291 F.3d 639, 642-44 (9th Cir. 2002) (discussing factors to
18 | consider in dismissing a claim for failure to prosecute or failure to comply with a
19 | court order, including the public's interest in expeditious resolution, the court's
20 | need to manage its docket, and the risk of prejudice to defendants).  Plaintiff has

failed to keep the Court apprised of his current address.

Accordingly, **IT IS ORDERED**:

1. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to LCivR 41(b)(2).

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, **enter judgment,** provide copies to Plaintiff at his last known address, and **CLOSE** the file.

DATED February 24, 2023.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE